### UNION NATIONAL BANK v. CITY OF CLEVELAND ET AL.

1. How Payment Should be Applied in the Absence of Specific Application by Either Party.

　Payment upon an open current account, with no specific application made by either party at the time of the payment, should apply to the oldest items of that account.

2. How When Some of the Items are Subject to a Lien.

　Where some of the items of an account are subject to a lien, and the others are not, and payments are made on such account generally, the creditor may apply the payments so made to such items as are not subject to such lien.

HALE, J. (orally).

This case is pending in this court by appeal from the court of common pleas. I will announce the conclusions reached sufficiently to enable the parties to file a decree.

The claim of Buettner and Orley, represented by Mr. Green, we sustain.

The controversy between the Union National bank and the Forest City Chemical company has given us much trouble. The bank claims under an assignment of the contracts which the Claflen Paving company had with the city the amount due from the city to the paving company. The Forest City Chemical company claims, under a mechanics' lien, the amount due from the city to the Claflen Paving company on the contracts for the paving of Clark avenue and Jennings avenue. We have finally come to the conclusion that it is a question, largely, of the application of the payments which have been made.

The Forest City Chemical company were furnishing to the Claflen Paving company cement to use in paving the streets of the city, and had been doing that for a number of years. An account of the cement furnished to the Claflen Paving company, and the payments made by the latter company to the Chemical company, were entered in one account, no separation being made as to the

streets for which the cement was furnished until the commencement of 1891. At that time the Chemical company, although entering in its books the account kept with each street, in the same account undertook to designate by a memorandum upon the margin of its ledger the streets for which the cement contained in the item was furnished.

Payments continued to be made, and credited generally, to that account. No application was made by the Claflen Paving company of the payments at the time, and no application was then made by the Forest City Chemical company, unless the mere crediting it upon the books of the company operated as such application.

It is undoubtedly true that a debtor at the time he makes a payment, can make application of the payment that he makes, and if received by the creditor, that ends the matter. The application is thus made. But if the debtor at the time of the payment makes no application of the payment, then the creditor may make the application; and if neither makes any application of the payment, then we understand that the ordinary rule is that the payment should be applied to the liquidation of the oldest item in the account, but subject to such an application as the court would say is equitable and just. It is undoubtedly true that payment upon an open current account, with no specific application made by either party at the time of the payment, should apply to the oldest items of that account.

But there was here, as we find to be a fact, an attempt on the part of the Forest City Chemical company after January 1, 1891, to designate in its accounts the street for which the particular cement charged was to be used. The payments that were made after that date, were credited in this account. Notes were taken, some of which were paid, and some of which were not paid. On December 21, 1891, the Chemical company sought to perfect a lien and reach the fund that was due to the Claflen Paving company from the city for the paving of Jennings and Clark avenues. At that time the chemical company undertook to make the application of the payments that had been made to the account so that there should be left the items due it for the cement furnished for Clark and Jennings avenues. As I understand the facts, there was due to the Chemical company from the Paving company the amount claimed in this mechanics' lien from some source at the time the lien was filed. Hence it seems to us that it comes to the question whether the chemical company might make, at the time it made, or attempted to make an application of the payments that had been made and entered in that account. In a case reported in 54 N. H., 395, a lumber man had hauled lumber for a series of years, and in August of a certain year a settlement was made in which there was found due $80.42 to the hauler of the lumber. After that he hauled lumber to the amount of $30, and performed other labor to the aggregate amount of $50. For hauling the lumber he was entitled to a lien. For the other work he was not entitled to a lien. These items were all charged in one account. The creditor had applied the payments made to the payment of the items for which he was not entitled to a lien, and to the oldest items of the account for which he was entitled to a lien. The contention was whether he could do that. The court sustained the creditor in that claim.

There is a case reported in 11 Nevada, 304, in which a superintendent of a mine not only did the work of a superintendent, but boarded the employees that were working in the mines. For his work he was entitled to a lien, but for the board of the men he was not entitled to a lien. Payments were made upon the account generally, and no application made by the debtor or creditor when the payments were made. But there came a time when the creditor sought a lien for his work, and he applied the payments which had been made to that portion of the account for which he was not entitled to a lien, and made out his lien for the labor, and in that he was sustained. The court say that where payments are made generally, the creditor may apply the payments made in that way to that portion of the account not subject to the lien.

In addition to this view our statute relating to mechanics' liens provides in substance that a sub-contractor may furnish to the principal contractor the amount of his claim and if not disputed within the number of days designated in the statute it is to be held conclusive. This was done in this case. We have concluded to sustain the Forest City Chemical company in the application that was made of the payment to this account, which results in sustaining the lien. We think there was nothing in the assignment to the bank that would prevent the adjustment of this account between the Forest City Chemical company and the Claflen Paving company, precisely as if no assignment had been made. The fact that notes were taken, which were not paid by the Claflen Paving company to the Forest City Chemical company is of no moment. They were all at the time the lien was perfected in the hands of the Chemical company, past due, and that company brings these notes into court, and offers to surrender them to the Claflen Paving company. I see nothing in the fact that the notes were given for a purpose of this kind and not paid, that would militate against taking the course I have indicated in settling the claim between these two parties. In short, we sustain the lien of the Forest City Chemical company. The result is, that the fund will be divided between the two lien-holders represented by Mr. Green and Mr. Kerruish.

Judgment ordered. See Journal.

Plaintiff excepts.

*Messrs. Squire, Sanders, & Dempsey*, for Plaintiff.

*Messrs. Kerruish, Chapman & Kerruish*, and *Arnold Green*, for Defendants.